[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, 59, whose birth name is Mersereau, and the defendant husband, 58, married on September 8, 1967 in Cherry CT Page 4557 Hill, New Jersey. They raised two children, Ruth, 29, and Aaron, 28.
The plaintiff has a bachelor's degree and an M.S. in social work. The defendant has a bachelor's degree and a law degree. The defendant's law career was in corporate work, with Xerox, Avis, Baker Industrials and finally Borg Warner where, in lieu of a transfer to Chicago he accepted a severance package which after taxes was $650,000.00. He then organized his own business now known as Employers Resource Corporation. The defendant owns 76.38%, which was valued as of December 31, 1997, at $196,000.00 (Defendant's Exhibit A) using an ownership interest of 80.47% in the appraisal. The defendant has listed the ownership interest of 76.38%, as worth $187,649.62 on his financial affidavit. The defendant is paid $8423.32 monthly gross and, after taxes and health insurance premiums nets $5446.26. He has other net monthly income of $368.75.
The plaintiff is not employed. She had breast cancer resulting in a mastectomy performed in 1995. She was treated with chemotherapy for ten months. She has been symptom free for three years. The plaintiff believes she can be gainfully employed and is looking for work. After the marriage the plaintiff worked for two years and then devoted her time to raising their children. She returned to work for about a year when the cancer was discovered in 1994.
Neither party brought any significant assets to the marriage.
The causes of the marriage breakdown are several. Each child presented persistent problems. The plaintiff accused the defendant of drinking alcoholic beverages to excess and of being physically abusive. The defendant's assertion that he has not imbibed in fifteen years was unchallenged. The court gives little credence to the latter for the episodes described occurred many years ago. The defendant accused the plaintiff of being a persistent spendthrift, filling closets with clothes, many items never worn. The marriage eroded as a result of the many stresses. The court declines to assess fault unequally. The parties filed a written stipulation that the marriage has broken down irretrievably. The parties separated in November, 1997.
The parties sold their marital home located at 1072 Oenoke Road, New Canaan, Connecticut for $1,168,500.00. They have filed a written stipulation dated March 4, 1999 agreeing that the net CT Page 4558 proceeds be held in escrow in trust, pending entry of judgment.
The marital assets solely in the plaintiffs name are jewelry $8,000.00, antique boxes $4,000.00, art work $7,000.00, furniture and personal property $50,000.00 and a medical malpractice claim of unknown value.
The jointly held assets are listed, in addition to the escrow described above, as a summer home in Sherman valued by the parties at $250,000.00, a condominium unit identified as Park Mead Condo I valued by the parties at $135,000.00, an auto used by the plaintiff valued at $30,000.00, and an auto used by the defendant valued at $7,000.00. The "Trial Stipulation" has been accepted by the court and is annexed hereto as a part hereof. They have agreed that the deferred compensation assets should be divided equally. They further agree that the defendant retain his business. The defendant has 1/3 interest in a condominium unit known as Mead Condo II which he values as having no current equity. He also has an interest in land located in New Jersey estimated as worth $35,000.00.
Having reviewed the evidence in light of § 46b-81, §46b-82 and relevant case law, the court enters the following decree:
1. Judgment is entered dissolving the marriage on the stipulated ground of irretrievable breakdown.
2. The plaintiff's birth name of Mersereau is ordered restored.
3. The defendant shall pay to the plaintiff as periodic alimony, the sum of $4,000.00 monthly until the death of either party, the plaintiff's remarriage, or future court order. Section46b-86 (b) applies to this order. Although the plaintiff agrees that she is seeking employment the court does not make any finding regarding the earning capacity in view of her present circumstances. A wage withholding order is entered.
4. The net proceeds from the sale of the marital home are ordered divided equally after the disbursements ordered infra.
5. The Sherman summer home is awarded to the plaintiff.
6. The defendant shall retain his business as his sole CT Page 4559 property including any receivable due to him.
7. The defendant is awarded the Park Mead Condo I unit as his sole property
8. The court declines to make any orders concerning Park Mead Condo II. The defendant shall retain his interest. The defendant's financial affidavit list no equity. The "Trial Stipulation" states it shall be sold. The court sets no terms or conditions.
9. The defendant's "Future Assets" listed as his pension, an annuity, a 401(k) account and his IRA are all ordered divided evenly and the court retains jurisdiction to execute any QDRO or other supporting documentation necessary to carry out this order.
10. The plaintiff is awarded sole ownership of 1997 the Mercedes Benz auto.
11. The defendant is awarded sole ownership of 1989 Mercedes Benz auto.
12. The defendant shall retain as his sole property the land located in New Jersey. Both parties value his interest as $35,000.00.
13. The defendant's 76.38% interest in Employers Resource Corp. shall be retained by the defendant as his sole property.
14. The defendant's law office account listed at $5,200.00 shall be retained by the defendant as his sole property.
15. The New Canaan Bank and Trust (Acct #6000 23886), containing $42,094.64 as of January 6, 1999 is awarded to the plaintiff as her sole property.
16. The Norwalk Savings Society account, listed as $26,947.00, as of January 6, 1999 shall remain the defendant's sole property.
17. The boats and trailer listed by the plaintiff at $4,200.00 are awarded to her as her sole property.
18. The plaintiff is awarded her jewelry, antique boxes and art work, total value given of $19,000.00 by her, as her sole property. CT Page 4560
19. The plaintiff shall retain her medical malpractice claim as her sole property, except for any losses of consortium claim the defendant has or may assert.
20. The defendant's investment accounts listed on his financial affidavit of January 13, 1999 as containing $32,787.55 are awarded to the plaintiff as her sole property.
21. The defendant's claims of loans to the plaintiff totaling $48,650.00 are ordered canceled.
22. The parties shall share equally in any recovery of any loan made to their daughter.
23. The court orders paid from the escrow being held the following bills of the plaintiff:
 Sloan Kettering $1,271.28 Sloan Kettering Cancer Clinic $2,562.00 Sloan Kettering $ 897.90 M. I. Sollinger $1,680.00 Accountant's fees $1,250.00 Appraisal $ 500.00 St. Vincent's Hospital, N.Y. and Physician's fees $5,509.05
24. The plaintiff shall be solely responsible for the remaining liabilities she has listed on her financial affidavit not ordered paid in #23 supra.
25. The defendant shall be solely responsible for his listed liabilities.
26. The plaintiff and defendant are to attempt to complete the division of their furniture, furnishings and miscellaneous tangibles. If unable to do so either party may move the court for an articulation.
27. The defendant shall continue to maintain $750,000.00 face value term life insurance naming the plaintiff primary beneficiary so long as the coverage remains available to him at its present cost. He may petition the court for reduction if the present premium buys less coverage upon renewal. CT Page 4561
Counsel for the plaintiff shall prepare the judgment file and both parties' attorneys shall cooperate in processing any needed QDRO's.
So Ordered.
Harrigan, J.